IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: : CHAPTER 13
:
ZONDRA SPENCE : BANKRUPTCY NO.: 5-15-bk-04392-JJT
a/k/a Zondra Sims :
: {**Nature of Proceeding**: Objection to
DEBTOR : Confirmation (Doc. #29)}

# OPINION[1]

Nissan Motor Acceptance Corporation (hereinafter "Nissan") has filed an Objection to confirmation of the Debtor's Chapter 13 plan. At the hearing on the Objection on April 5, 2016, the primary disagreements between the parties were the value of an automobile securing a debt to Nissan and the applicable interest rate which should be applied to the value of the automobile for purposes of determining the modified principal amount and interest for a cramdown of Nissan's debt.

In support of Nissan's valuation of the automobile, it filed a NADA report for the subject 2009 Nissan Pathfinder-V6, which report had a date of April 5, 2016. The Debtor, in support of her valuation, testified as to what she thought was the value of the automobile and her estimate for repairs, which estimate is also on the docket at Doc. #39. The estimate indicates the automobile needed parts, supplies, and labor totaling $3,320.11. Neither party objected to the hearsay evidence submitted through those exhibits and found on the docket. The creditor argued for a valuation of the automobile at $10,500.00, which was lower than the NADA report. The Debtor's valuation placed the automobile's value at $9,487.00. The difference between the two valuations is $1,013.00. While no one testified on Nissan's behalf as the value of the automobile, the Debtor's testimony, on the other hand, was credible, succinct, and clear. It is for those reasons the Court will accept the Debtor's valuation of $9,487.00.

---

[1] Drafted with the assistance of Richard P. Rogers, Career Law Clerk.

[K:\Cathy\Opinions-Orders filed 2016\5-15-bk-04392-JJT_Spence.pdf]

The remaining issue for determination was the appropriate interest rate that should be applied to the cramdown modified principal amount of the debt to Nissan. The parties agreed the prime rate at the date of the hearing was 3.25% with both parties indicating that under the dictates of *Till vs. SCS Credit Corp.*, 541 U.S. 465 (2004), a prime-plus formula may be required to compensate the creditor, Nissan, for the risk involved going forward with the plan payment. *Till* instructs, however, that not only does the Court need to select a rate high enough to compensate the creditor for its risk but that rate should not be so high as to doom the plan. *Till* at 480. *Till* did not decide what the proper scale for risk adjustment should be but did note, consistent with what the creditor indicated at the hearing, that proper adjustments are usually one to three percent over prime rate.

Here, the Debtor has proposed a 3.25% interest rate while the creditor has requested a 5.25% interest rate. See Objection at ¶ C (Doc. #29). Recognizing there is a risk of loss to Nissan going forward, the Debtor, through counsel, offered that she could afford an additional $15.00 plan payment per month to Nissan. The Court finds an appropriate interest rate of 4% should adequately protect the creditor's risk of loss going forward and be within the payment schedule acceptable to the Debtor without risk of dooming the plan.

Debtor's counsel indicated an amendment to the plan was anticipated, and, in that regard, the Court Orders the Debtor to amend the plan consistent with the terms of this Opinion on or within thirty (30) days of the date of the Order to follow.

By the Court,

_____

Date: July 18, 2016

John J. Thomas, Bankruptcy Judge
(CMS)

[K:\Cathy\Opinions-Orders filed 2016\5-15-bk-04392-JJT_Spence.pdf]  2

Case 5:15-bk-04392-JJT    Doc 41    Filed 07/18/16    Entered 07/18/16 15:33:28    Desc
Main Document    Page 2 of 2